IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES ROY McALPHIN                                              PLAINTIFF

v.             Civil No. 1:07-cv-01074

LT. WILLIAMS, Administrator,
Union County Justice Facility;
SHERIFF KEN JONES; and
NURSE DEBBIE                                             DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This civil rights action was filed by the Plaintiff, James Ray McAlphin, pursuant to the provisions of 42 U.S.C. § 1983 on August 23, 2007. The Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

At the time he filed this action, Plaintiff was incarcerated at the Union County Criminal Justice Facility. Plaintiff alleged he was denied adequate medical care and subjected to unconstitutional conditions of confinement.

Defendants filed a motion for summary judgment (Doc. 13). To assist Plaintiff in responding to the motion, I propounded a questionnaire (Doc. 16). Plaintiff was directed to complete, sign, and return the questionnaire by August 4, 2008 (Doc. 16). On July 30, 2008, the court's order and attached questionnaire were returned as undeliverable marked refused return to sender–no new address available.

Plaintiff has not communicated with the court since he filed a supplement to his complaint on September 11, 2007 (Doc. 7). He did not inform the court of a change of address when he was

released from the Union County Criminal Justice Facility.

When the complaint is filed, the clerk's office advises each *pro se* Plaintiff that they have an obligation to keep the court informed of any changes in their address. I recommend that this case be dismissed based on Plaintiff's failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of August 2008.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE